An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-599

Filed 6 May 2026

Wake County, Nos. 23CR219200-910, 23CR223729-910, 23CR223730-910, 23CR223733-910

STATE OF NORTH CAROLINA

v.

CHRISTOPHER ROBERT JARMUL

Appeal by defendant from judgment entered 29 February 2024 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 11 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Sarah N. Cibik, for the State.*
>
> *Center for Death Penalty Litigation, by Ryan Christopher Kuchinski, for the defendant.*

WOOD, Judge.

Christopher Robert Jarmul ("Defendant") appeals one of the six judgments entered against him following jury verdicts finding him guilty on two counts of first-

degree statutory sexual offense,[1] three counts of first-degree sexual exploitation of a minor, and twenty counts of second-degree sexual exploitation of a minor. Defendant appeals only the judgment containing the two counts of first-degree statutory sexual offense. Defendant argues the relevant consolidated judgment must be remanded for resentencing because the trial court plainly erred by instructing the jury on the incorrect charge and then sentencing him in accordance with the allegedly incorrect greater charge. After careful review of the record, we conclude Defendant received a fair trial free from prejudicial error. We remand the relevant judgment for the sole purpose of correcting clerical errors.

## I. Factual and Procedural Background

On 2 and 5 December 2022, Detective Joseph Lengel ("Detective Lengel") of the Cary Police Department received cybertips from the National Center for Missing and Exploited Children ("NCMEC"), which brought Defendant to his attention. The cybertips originated from complaints of apparent child pornography submitted to NCMEC by Omegle.com LLC and Globtech LLC on 25 August 2022 and 22 September 2022 respectively. The cybertip reports sent to Detective Lengel contain the IP address the websites connected to the apparent child pornography; the IP address in these reports was linked to Defendant.

---

[1] As discussed further throughout this opinion, the indictments and judgment contain clerical errors. On remand, the judgment shall be corrected to show Defendant was convicted of two counts of statutory sexual offense with a child by an adult in all places first-degree statutory sexual offense is notated.

On 24 January 2023, the Cary Police Department executed a search warrant on Defendant's home based on the information in the cybertips from NCMEC and surveillance conducted on Defendant revealing he had a young daughter.[2]  Officers seized all electronic devices in the home with the exception of Defendant's wife's work computer.  Among the seized devices were Defendant's homemade desktop computer and his iPhone 12 mini.  Relevant to this appeal, forensic processing of the desktop computer revealed two images and a video of Defendant touching his young daughter's genitals and penetrating her inner labia with his finger.  The images and video were identified as taken with Defendant's iPhone 12 mini.  Defendant was arrested the next day.

On 21 February 2023, Defendant was indicted on two counts of first-degree statutory sexual offense,[3] three counts of first-degree sexual exploitation of a minor, and twenty counts of second-degree sexual exploitation of a minor.

The matter came on for trial beginning 26 February 2024 in Wake County Superior Court.  On 29 February 2024, the jury found Defendant guilty on all charges. The trial court entered six judgments sentencing Defendant to (1) 300 to 420 months of imprisonment for the two counts of first-degree statutory sexual offense; (2) 60 to 132 months of imprisonment for one count of first-degree sexual exploitation of a

---

[2] Defendant's daughter was three-years old at this time.
[3] As discussed further throughout this opinion, the indictments support the charge of statutory sexual offense with a child by an adult despite the indictments labeling the charges as first-degree statutory sexual offense.

minor; (3) 60 to 132 months of imprisonment for one count of first-degree sexual exploitation of a minor; (4) 60 to 132 months of imprisonment for one count of first-degree sexual exploitation of a minor; (5) 25 to 90 months of imprisonment for ten counts of second-degree sexual exploitation of a minor; and (6) 25 to 90 months of imprisonment for the final ten counts of second-degree sexual exploitation of a minor. All sentences are to run consecutively. Defendant entered notice of appeal in open court.

## II. Analysis

Defendant argues the trial court plainly erred by instructing the jury on the charge of statutory sexual offense with a child by an adult because he was indicted on its lesser included charge of first-degree statutory sexual offense. Defendant argues this instructional error impacted his sentence because the charge of statutory sexual offense with a child by an adult carries a mandatory minimum sentence of 300 months, which is higher than would be permitted for a charge of first-degree statutory sexual offense. Importantly, Defendant is *not* requesting dismissal of the charges or reversal of his conviction, he is asking only that this Court remand for resentencing in accordance with the lesser charge of first-degree statutory sexual offense pursuant to N.C. Gen. Stat. § 14-27.29.

In contrast, the State argues the trial court did not err because the indictments properly allege facts to support the elements of statutory sexual offense with a child by an adult pursuant to N.C. Gen. Stat. § 14-27.28 and Defendant's argument reveals

no more than a "clerical error" in the indictments and other places the incorrect statute citation and offense title are notated. We agree.

## A. Clerical Error in Indictment

Defendant asserts the underlying issue in this appeal is whether he was indicted on the charge of statutory sexual offense with a child by an adult pursuant to N.C. Gen. Stat. § 14-27.28 or first-degree statutory sexual offense pursuant to N.C. Gen. Stat. § 14-27.29. As Defendant asserts he was indicted on the lesser charge of first-degree statutory sexual offense, he argues on appeal the trial court erred by instructing the jury on the greater charge of statutory sexual offense with a child by an adult and then sentencing him accordingly. Defendant concedes he did not object to the jury instructions he purports were given in error.

Unpreserved issues related to jury instructions may be reviewed for plain error where "the judicial action questioned is specifically and distinctly contended to amount to plain error." *State v. Scarboro*, 287 N.C. App. 184, 186, 882 S.E.2d 139, 142 (2022) (quoting N.C. R. App. P. 10(a)(4)). To be successful on a plain error review:

> First, the defendant must show that a fundamental error occurred at trial. Second, the defendant must show that the error had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict. Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by showing that the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Gillard*, 386 N.C. 797, 820, 909 S.E.2d 226, 250-51 (2024) (quoting *State v.*

*Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (cleaned up)). "[T]he plain error standard requires a determination that the jury *probably would have* returned a different result[,]" to meet the second prong. *Reber*, 386 N.C. at 160, 900 S.E.2d at 787 (quoting *State v. Towe*, 366 N.C. 56, 57, 732 S.E.2d 564, 564-65 (2012)). When a defendant "fails to specifically and distinctly contend that the jury instruction amounted to plain error, he is not entitled to appellate review under this rule." *Scarboro*, 287 N.C. App. at 187, 882 S.E.2d at 142. Further, a defendant must offer support for each prong of the plain error analysis, including reason or argument for why this case "is an exceptional case or why this case will seriously affect the fairness, integrity, or public reputation of judicial proceedings." *State v. Patterson*, 269 N.C. App. 640, 645, 839 S.E.2d 68, 72 (2020)). Here, Defendant fails to specifically and distinctly contend that the alleged error amounts to plain error as he offers no argument that the jury probably would have returned a different result if it was not for the alleged error nor does he offer an argument for why this case is an exceptional one, thus, "we cannot impart any meaningful review for plain error." *Id.*

Defendant's failure to assert a complete plain error analysis notwithstanding, we note the trial court did not err by providing the instruction given as all elements for the charge of statutory sexual offense with a child by an adult are asserted in the relevant indictments. The indictments for the two charges at issue are titled "FIRST DEGREE STATUTORY SEX OFFENSE" and contain the statute citation for first-degree statutory sexual offense though the factual allegations stated within each give

notice of the offense of statutory sexual offense with a child by an adult pursuant to

N.C. Gen. Stat. § 14-27.28.  The indictments state in relevant part:

> defendant named above unlawfully, willfully, and feloniously did engage in a sexual act other than vaginal intercourse with . . . a child under the age of thirteen years. At the time of the act the *Defendant was at least eighteen years of age*, having a date of birth of [] 1985. This act was done in violation of NCGS § 14-27.29.

A person is guilty of first-degree statutory sexual offense "if the person engages

in a sexual act with a victim who is a child under the age of 13 years and the defendant

is at least 12 years old and is at least four years older than the victim." N.C. Gen.

Stat. § 14-27.29(a).  A person is guilty of the greater charge of statutory sexual offense

with a child by an adult "if the person is at least 18 years of age and engages in a

sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. §

14-27.28(a).  First-degree statutory sexual offense is a lesser included offense of

statutory sexual offense with a child by an adult. N.C. Gen. Stat. § 14-27.28(d).  While

similar and both Class B1 felonies, the element establishing the age of the defendant

differs between the two charges and statutory sexual offense with a child by an adult

requires a minimum active punishment of 300 months while the lesser charge does

not allow a minimum sentence of 300 months when sentencing within the

presumptive range. N.C. Gen. Stat. § 14-27.28; N.C. Gen. Stat. § 14-27.29.  As the

indictments assert facts to support every element for the charge of statutory sexual

offense with a child by an adult and an "[e]rror in the citation or its omission is not

ground for dismissal of the charges or for reversal of a conviction," we conclude Defendant was properly indicted on the charges for which instructions were given and for which he was sentenced. N.C. Gen. Stat. § 15A-924(a)(5), (6). Therefore, the trial court did not err by instructing the jury on the charges of statutory sexual offense with a child by an adult.

However, we agree with the State that clerical errors exist that must be corrected. The consolidated judgment describes each offense as "FIRST DEGREE STATUTORY SEX[UAL] OFF[ENSE]" and lists each "G.S. No." as "14-27.29." "A clerical error is defined as an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Gillespie*, 240 N.C. App. 238, 245, 771 S.E.2d 785, 790 (2015) (cleaned up). On appeal, when "a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand for correction because of the importance that the record speak the truth." *Id.* This Court has held that a clerical error has occurred when the error on the judgment form does not affect the sentence imposed, "warranting remand for correction but not for resentencing." *Id.*

The sentence imposed on Defendant is appropriate for his convictions of statutory sexual offense with a child by an adult pursuant to N.C. Gen. Stat. § 14-27.28 and correcting the offense description and general statute number on the judgment sheet will not affect the sentence. Therefore, the errors stated in the judgment are clerical, and we remand to the trial court for the sole purpose of

correcting the offense descriptions and general statute number to the greater offense of statutory sexual offense with a child by an adult,  N.C. Gen. Stat. § 14-27.28.

## III.    Conclusion

For the reasons stated herein, we hold the trial court did not plainly error by instructing the jury on the charge of statutory sexual offense with a child by an adult. We remand the relevant consolidated judgment for the sole purpose of correcting the clerical error contained in such judgment.

NO PLAIN ERROR; REMANDED TO CORRECT CLERICAL ERROR.

Judges COLLINS and STADING concur.

Report per Rule 30(e).